UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------------
CLINT EDWARDS,

                  Plaintiff,

    -against-

WESTCHESTER COUNTY;
DEPARTMENT OF CORRECTION;
ASSISTANT WARDEN ERIC
MIDDLETON; CAPTAIN ROBERTS;
CAPTAIN van LIEROP; CORRECTION
OFFICER AROCHO #1610,

                  Defendants.
---------------------------------------------------------------

19-CV-1362 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently held in the Westchester County Jail ("WCJ"), brings this *pro se* action asserting that the defendants have violated his federal constitutional rights. Plaintiff sues the County of Westchester, its Department of Correction ("WCDOC"), WCJ Assistant Warden Eric Middleton, WCJ Correction Captains Roberts and van Lierop, and WCJ Correction Officer Arocho. By order dated March 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 as well as claims under state law. For the reasons set forth below, the Court dismisses Plaintiff's claims against the WCDOC. The Court directs service on the remaining defendants and directs them to comply with Local Civil Rule 33.2. The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A. WCDOC

Plaintiff's claims against the WCDOC must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Plaintiff's claims against the WCDOC are redundant of his claims against the County of Westchester, a named defendant. The Court therefore dismisses Plaintiff's claims against the WCDOC.

## B. Service on the remaining defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the County of Westchester, Assistant Warden Middleton, Correction Captains Roberts and van Lierop, and Correction Officer Arocho through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

3

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the County of Westchester, Assistant Warden Middleton, Correction Captains Roberts and van Lierop, and Correction Officer Arocho must serve responses to those standard discovery requests. In their responses, these defendants must quote each request verbatim.[2]

**D.  Application for the Court to request *pro bono* counsel**

The Court denies plaintiff's application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

## CONCLUSION

The Court directs the Clerk of Court to (i) mail a copy of this order to Plaintiff, together with an information package, (ii) terminate defendant "Department of Correction," and (iii) terminate plaintiff's request for *pro bono* counsel (Doc. #4).

---

[2] If Plaintiff would like copies of the discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

The Court directs the Clerk of Court to complete USM-285 forms with the addresses for the County of Westchester, Assistant Warden Middleton, Correction Captains Roberts and van Lierop, and Correction Officer Arocho, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Court directs the County of Westchester, Assistant Warden Middleton, Correction Captains Roberts and van Lierop, and Correction Officer Arocho to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: March 29, 2019
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

5

# DEFENDANTS AND SERVICE ADDRESSES

1. County of Westchester
   Department of Law
   148 Martine Avenue
   White Plains, New York 10601

2. Assistant Warden Eric Middleton
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

3. Correction Captain Roberts
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

4. Correction Captain van Lierop
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

5. Correction Officer Arocho, Badge No. 1610
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595