UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CLINT EDWARDS,
              Plaintiff,

v.

C.O. AROCHO,
              Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

19 CV 1362 (VB)

Briccetti, J.:

    Plaintiff Clint Edwards, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against defendant Correction Officer ("C.O.") Arocho for failure to protect him in violation of the Fourteenth Amendment.[1]

    Now pending is defendant's motion for summary judgment. (Doc. #114).

    For the following reasons, the motion is GRANTED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    Defendant has submitted memoranda of law, a statement of material facts under Local Civil Rule 56.1, and a declaration with exhibits. Plaintiff has submitted an opposition to defendant's motion, a response to defendant's statement of material facts, and a declaration. Together, these documents reflect the following factual background.

    At all relevant times, plaintiff was a pretrial detainee at the Westchester County Department of Correction ("WCDOC") facility in Valhalla, New York.

---

[1]     The Court previously granted a motion to dismiss filed by defendants Assistant Warden Eric Middleton, Captain ("Capt.") Roberts, Capt. VanLierop, Sergeant ("Sgt.") Grant, and Sgt. Lopez, and also instructed the Clerk to terminate defendant Westchester County from this case. (Doc. #60).

1

On May 25, 2018, another inmate at WCDOC attacked plaintiff. According to plaintiff, C.O. Arocho incited plaintiff's attacker to assault plaintiff by lying to the attacker about why plaintiff was incarcerated. Plaintiff describes C.O. Arocho's actions as having put a "hit" on plaintiff. As a result, plaintiff was taken to the medical department and felt concerned for his safety.

Plaintiff claims for the first time in unsworn statements in his opposition to the motion for summary judgment, "A few days after the incident, I filed a grievance and hand[ed] it to a Sgt. that did rounds." (Doc. #123 ("Pl. Opp.") at ECF 6).[2] The sergeant told plaintiff he could not file the grievance due to an ongoing investigation about the May 25 incident. (Id.). Plaintiff further avers in his opposition that in late June 2018, the same sergeant told him that because the investigation had ended, plaintiff could file his grievance. (Id.).

On June 28, 2018, plaintiff filed Grievance #18-0452 with Sergeant Hollis. (Doc. #115 ("Micciche Decl.") Ex. 7 ("June 28 Grievance")). The June 28 grievance is a two-page, hand-written document, in which plaintiff provided detail of why he believed Assistant Warden Middleton had inappropriately placed plaintiff in protective custody. The grievance also stated,

---

[2]   As a general matter, a Court may not consider unsworn statements, that is, those made without a "declaration, certificate, verification, or statement" that what the declarant states is true "under penalty of perjury." See In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013) (quoting 28 U.S.C. § 1746). "Inclusion of the language 'under penalty of perjury' is an integral requirement of the statute for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements." Id. (quoting 28 U.S.C. § 1746). Thus, "28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made under penalty of perjury." Id. As explained below, even accepting as true these unsworn statements, the motion must be granted.

"Doc. #__ at ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

2

"On 5-25 I got ass[a]ulted by an inmate while on GP because C.O. Arocho told another inmate a lie of why I was here." (Id. at ECF 2).

That same day, Sgt. Hollis returned the grievance to plaintiff, noting it was incomplete, lacked "the necessary information to conduct a proper investigation," was difficult to read or illegible, and was vague and lacked specific information. (June 28 Grievance at ECF 4). Sgt. Hollis's memorandum enclosing the returned grievance instructed plaintiff, "[Y]ou have two days to resubmit your grievance with the proper corrections. Failure to do so will lead to immediate denial of your grievance." (Id.).

On July 27, 2018, plaintiff re-filed Grievance #18-0452 with Sgt. Lindert. (Pl. Opp. at ECF 7, 13). In the July 27 grievance form, plaintiff stated the June 28 grievance was denied as too "broad" because plaintiff had put into it too many grievances. (Id. at ECF 13). He then requested someone other than Assistant Warden Middleton control his protective custody status. (Id.). To the July 27 grievance form, plaintiff re-attached the same two-page, hand-written document he had submitted as his June 28 grievance. (Id. at ECF 14–15).

That same day, the re-filed grievance was denied because it was "submitted beyond 5 days of act or occurrence." (Pl. Opp. at ECF 13). It is not clear from the denial to which "act or occurrence" the denial referred. However, in three subsequent documents—the August 1, 2018, "Grievance Investigation Form," as well as July 27, 2018, and August 1, 2018, memorandums to plaintiff— jail officials confirmed plaintiff should have provided additional information about the vague June 28, 2018, grievance within two days. (Id. at ECF 16, 17, 18).

On August 1, 2018, Assistant Warden Spaulding affirmed the denial of Grievance #18-0452. (Pl. Opp. at ECF 18).

According to defendant, WCDOC has no record of plaintiff having ever filed a grievance about the May 25 incident. (Micciche Decl. Ex. 6 ("Roberts Aff.") ¶ 11).

**DISCUSSION**

I. Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact, and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."

Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him.  Dawson v. Cnty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Although courts must afford a pro se litigant special solicitude on a motion for summary judgment and read his submission "to raise the strongest arguments that they suggest," such solicitude "does not relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment."  Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 50 (2d Cir. 2003).

II.  Exhaustion of Administrative Remedies

Defendant argues he is entitled to summary judgment because plaintiff did not exhaust his administrative remedies.

The Court agrees.

A.  Applicable Law

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Title 9 N.Y.C.R.R. § 7032 lists the minimum standards and regulations for grievance programs in local jails, such as WCDOC.  First, "[a]n inmate must file a grievance within five days of the date of the act or occurrence giving rise to the grievance."  N.Y. Comp. Codes R. & Regs. tit. 9, § 7032.4(d).  Within five business days of receiving such grievance, the grievance coordinator is required to issue a written determination.  Id. § 7032.4(i).  Within two business days of receiving this written determination, the grievant may appeal to the chief administrative officer or his designee.  Id. § 7032.4(j).  Within five business days of receipt of a grievance appeal, the chief administrative officer must issue a determination on the appeal.  Id. § 7032.4(k).

Further, "[w]ithin three business days of the receipt of the chief administrative officer's determination, any grievant may appeal any grievance denied by the facility administrator," by indicating to the grievance coordinator that he seeks to appeal.  N.Y. Comp. Codes R. & Regs. tit. 9, § 7032.5(a).  The grievance coordinator then has three business days to submit the appeal to the State Commission of Correction's Citizens' Policy and Complaint Review Council ("CPCRC").  Id. § 7032.5(b).  Subject to certain exceptions not relevant to this case, the CPCRC then issues a written determination within 45 business days.  Id. § 7032.5(d)(1).  (See also Roberts Aff. ¶ 8).

To properly exhaust, an inmate must follow all steps the agency lays out in its grievance process.  Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011).

To withstand summary judgment, a plaintiff must offer more than conclusory allegations that he properly exhausted his administrative remedies.  See, e.g., Bennett v. James, 737 F. Supp.

2d 219, 226 (S.D.N.Y. 2010), aff'd, 441 F. App'x 816 (2d Cir. 2011) (summary order) (granting summary judgment on exhaustion grounds when plaintiff provided only "conclusory allegations").[3]  Indeed, a plaintiff's "bald assertions unsupported by evidence" that he exhausted all available remedies "are insufficient to overcome a motion for summary judgment, even for a pro se plaintiff." See Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002).

A prisoner's duty to exhaust may be excused only when:  (i) an administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (ii) "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use" with rules "so confusing that . . . no reasonable prisoner can use them"; or (iii) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 643–44 (2016).

B.  Analysis

Here, the record evidence shows there is no genuine material dispute of fact respecting whether plaintiff properly exhausted the grievance procedure.  Defendant has submitted credible evidence both that "WCDOC maintains a grievance database that catalogs every grievance filed by WCDOC inmates in the regular course of business" (Doc. #118 ("56.1 Statement") ¶ 38; Roberts Aff. ¶ 9), and plaintiff did not grieve the May 25, 2018, incident (56.1 Statement ¶ 39; Roberts Aff. ¶ 11).

Plaintiff offers only conclusory allegations to the contrary.  Without pointing to any admissible evidence, plaintiff states he disagrees WCDOC maintains a database cataloging all

---

[3]  Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

grievances filed by WCDOC inmates because WCDOC is "known to misplace grievances." (Doc. #122 ("Pl. 56.1 Statement") ¶ 38). He also disagrees, without any further explanation, with defendant's contention that plaintiff did not grieve the May 25, 2018, incident. (Id. ¶ 39). These unsupported statements by plaintiff are insufficient to controvert defendant's statements, each of which is supported by admissible evidence. See Fed. R. Civ. P. 56(c). Accordingly, defendant's statements that WCDOC maintained a database with each inmate grievance and that the database did not contain a grievance from plaintiff about the May 25, 2018, incident are both deemed admitted. See S.D.N.Y. Local Rule 56.1.[4]

Moreover, even accepting the unsworn statements in plaintiff's opposition as true and reading plaintiff's submissions to raise the strongest arguments they suggest, plaintiff has not proffered any evidence to suggest he exhausted his administrative remedies. Plaintiff contends

---

[4] S.D.N.Y. Local Civil Rule 56.1 states each paragraph of the moving party's 56.1 statement "will be deemed to be admitted for purposes of the motion unless specifically controverted," id. 56.1(c), and requires that each denial be supported by a specific citation to admissible evidence, id. 56.1(d).

The Court notes that although defendant did serve on plaintiff a "Notice To Pro Se Litigant Who Opposes a Motion for Summary Judgment" as required by S.D.N.Y. Local Civil Rule 56.2 (the "Rule 56.2 Notice"), as well as a copy of the full text of Fed. R. Civ. P. 56, defendant did not serve on plaintiff the full text of Local Civil Rule 56.1, as the Notice purported to do and as also required by Rule 56.2. (Doc. #117).

Nevertheless, defendant's technical non-compliance with Rule 56.2 has not prejudiced plaintiff because the Rule 56.2 Notice summarizes Rule 56.1's requirements and also because the Court twice sent to plaintiff the Court's Motions Guide for pro se litigants. (Doc. #10 and Docket Entry dated Apr. 22, 2021). The Motions Guide details how a non-moving party must respond to a Rule 56.1 statement—including that "If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement []such as a declaration made under penalty of perjury [or] deposition testimony . . . ." See Motions Guide at 5. It further warns that if the opposing party does not appropriately respond to the moving party's 56.1 statement, "the court may consider the opposing party's factual statement to be true." Id. at 6. Accordingly, plaintiff was adequately informed of his obligations under Rule 56.1 despite not being served with the full text of the rule itself.

the June 28 grievance was the first opportunity he could grieve the May 25 incident because when he first tried to grieve the attack a few days after it happened, he was informed he could not file the grievance due to an ongoing investigation. The Court liberally construes plaintiff's contentions as arguing that the initial rebuke excused his duty to exhaust within five days of the attack. See Ross v. Blake, 578 U.S. at 643–44.

This argument fails, however, because in arguing that he exhausted his administrative remedies with regard to the attack, plaintiff points to his submission of Grievance #18-0452 on June 28. That grievance was returned to him that same day with an instruction that "[Y]ou have two days to resubmit your grievance with the proper corrections. Failure to do so will lead to immediate denial of your grievance." (June 28 Grievance at ECF 4). The submission of the June 28 grievance demonstrates that none of the Ross v. Blake exceptions apply to excuse plaintiff's duty to exhaust. Moreover, plaintiff admits he followed up on the June 28 grievance not within two days, but twenty-nine days later, on July 27. His July 27 grievance was accordingly denied and affirmed on appeal. Plaintiff also points to no evidence that he appealed to the CPCRC.[5]

Finally, the Court notes that both the June 28 and July 27 versions of Grievance #18-0452 appear principally to complain that Assistant Warden Middleton should not have been in control of plaintiff's protective custody status, with the remark about C.O. Arocho supporting this contention. Thus, the Court is not persuaded that Grievance #18-0452, even if either version had been timely and properly submitted to the various levels of the grievance review process, is appropriately construed as grieving the May 25 attack.

---

[5] Plaintiff's argument that he appealed to "CORC" (the Central Office Review Committee) is unavailing. The CORC reviews appeals of grievances from prisoners in New York state custody. See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

Accordingly, because there is no genuine issue of fact as to whether plaintiff exhausted his administrative remedies, defendant is entitled to judgment as a matter of law.[6]

## CONCLUSION

Defendant's motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #114) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: January 31, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[6] Because the Court has determined there is no genuine issue of material fact as to whether plaintiff failed to exhaust his administrative remedies, it need not address whether there exists a genuine dispute as to any material fact regarding C.O. Arocho's alleged violation of plaintiff's constitutional rights. Moreover, to the extent plaintiff's opposition can be read to be a cross-motion for summary judgment, see Pl. Opp. at ECF 5, 10, that motion is DENIED.