UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINT L. EDWARDS,

                Plaintiff,

       - against -

COUNTY OF WESTCHESTER; WESTCHESTER
COUNTY DEPARTMENT OF CORRECTION;
ASSISTANT WARDEN ERIC MIDDLETON, in
his individual capacity; CAPTAIN CHRISTOPHER
ROBERTS, in his individual capacity; CAPTAIN
NATASHA VANLIEROP, in her individual
capacity; CORRECTION OFFICER
CHRISTOPHER AROCHO, in his individual
capacity; and SERGEANT IVAN LOPEZ, in his
individual capacity,

                Defendants.

**CONFIDENTIALITY STIPULATION AND
PROTECTIVE ORDER**

19 Civ. 01362 (JCM)

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information

and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.      Counsel for any party may designate any document or information, in whole or in

part, as confidential if counsel determines, in good faith, that such designation is necessary to

protect the interests of the client in information that is proprietary, a trade secret, or otherwise

sensitive non-public information ("Confidential Information"). Information and documents

designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.      The Confidential Information disclosed will be held and used by the person

receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.      The requesting party and counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

      e.      Witnesses in depositions and court proceedings, including trial, either during the deposition or court proceeding.

      f.      Stenographers and videographers hired for purposes of transcribing depositions and court proceedings, including trial.

The parties shall meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.    Inform the person of the confidential nature of the information or documents;

b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or

protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: _____ October 31___, 2025
         White Plains, New York

/s/ Robert J. O'Loughlin
_____
Counsel for Plaintiff

/s/ Loren Zeitler
_____
Counsel for Defendants

SO ORDERED.

_____
JUDITH C. McCARTHY
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINT L. EDWARDS,

                                   Plaintiff,

            - against -

COUNTY OF WESTCHESTER; WESTCHESTER
COUNTY DEPARTMENT OF CORRECTION;
ASSISTANT WARDEN ERIC MIDDLETON, in
his individual capacity; CAPTAIN CHRISTOPHER
ROBERTS, in his individual capacity; CAPTAIN
NATASHA VANLIEROP, in her individual
capacity; CORRECTION OFFICER
CHRISTOPHER AROCHO, in his individual
capacity; and SERGEANT IVAN LOPEZ, in his
individual capacity,

                                   Defendants.

**NONDISCLOSURE AGREEMENT**

19 Civ. 01362 (JCM)

        I, _____, acknowledge that I have read and understand the

Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of

those portions of discovery material that have been designated as Confidential. I agree that I will

not disclose such material to anyone other than for purposes of this litigation, and that at the

conclusion of the litigation I will either return all discovery material to the party or attorney from

whom I received it, or upon permission of the producing party, destroy such discovery material.

By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____, 20__

_____          _____
Name (printed)                                               Signature

Sign in the presence of:

_____
(Attorney)